

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2006

# Wall v. Dauphin

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4112

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wall v. Dauphin" (2006). *2006 Decisions.* Paper 1578.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1578

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Case No: 04-4112

———————

CHANNEL WALL, Administratrix
for the Estate of Thomas Wall,

Appellant

v.

DAUPHIN COUNTY; ANTHONY PETRUCCI, President,
Dauphin County Prison Board Commission;
DOMINIC DEROSE, Warden, Dauphin County Prison;
LENOARE CARROL, Deputy Warden; DENISE STEWART, Major;
DAVE COLDREN, Head of Maintenance; ELIZABETH NICHOLS,
Deputy Warden; WAYNE K. ROSS, M.D.; GRAHAM HETRICK, Coroner

———————

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil Action No. 02-CV-02369)
District Judge: The Honorable Yvette Kane

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2005

Before: SLOVITER, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: February 15, 2006)

———————

OPINION OF THE COURT

———————

SMITH, *Circuit Judge.*

Thomas Wall, a pretrial detainee, collapsed in the Dauphin County Prison gymnasium while playing basketball on August 6, 2001. He was transported to a local hospital where he later died. His mother, Channel Wall, as administratrix of his estate, filed suit against Dauphin County and prison officials pursuant to 42 U.S.C. § 1983, alleging, among other things, that Wall was deprived of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments because he was exposed to hazardously high temperatures in the prison gymnasium, that prison officials were deliberately indifferent to the hazardous condition, and that Wall was denied proper medical care when he collapsed.[1]

On May 28, 2003, Ms. Wall withdrew her Complaint as to defendants Coroner Hetrick and Dr. Ross and, on September 30, 2003, the District Court dismissed Ms. Wall's § 1985 conspiracy claim, § 1983 Fifth and Eighth Amendment claims, and all § 1983 claims against the defendants acting in their individual capacities. Ms. Wall subsequently withdrew her claims related to her son's unlawful detention. On November 21, 2003, the County and prison officials filed a motion for summary judgment on Ms. Wall's remaining § 1983 Fourteenth Amendment due process claims related to Thomas Wall's collapse and subsequent treatment, as well as Ms. Wall's state law claims. The

_____

[1] She also alleged a § 1985 conspiracy claim and state law wrongful death and survival actions.

2

District Court granted the motion on September 30, 2004. Ms. Wall now appeals that order.

Ms. Wall argues that county officials violated Thomas Wall's Fourteenth Amendment rights by (1) subjecting him to unlawful punishment by exposing him to hazardous conditions in the prison gymnasium, (2) jeopardizing his health and well-being by acting with deliberate indifference to the substantial risk of serious harm, and (3) denying him proper medical care following his collapse in the prison gymnasium. Because we agree with the District Court's conclusion that the record does not support Ms. Wall's contentions, we will affirm.[2]

## I.

Section 1983 does not create substantive rights, but rather provides a remedy for the violation of rights established elsewhere by federal law. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). A § 1983 plaintiff must establish that some person has deprived him of a federal right, and that the person who has deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

---

[2] The District Court exercised jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Because the District Court entered a final order granting summary judgment in favor of all defendants, we have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of a District Court's order granting summary judgment is plenary. *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 354 (3d Cir. 2003). We apply the standard set forth in Federal Rule of Civil Procedure 56(c), under which we may affirm the District Court's order if, when viewing the evidence in the light most favorable to the non-moving party, there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Here, Ms. Wall contends that prison officials deprived her son–a pretrial detainee–of his rights to due process under the Fourteenth Amendment by subjecting him to unlawful punishment. She alleges that permitting recreational time in an excessively hot gymnasium constituted "punishment."

Unlike those prisoners who have been convicted and sentenced, pretrial detainees may not be "punished." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The government, however, is entitled to "employ devices that are calculated to effectuate . . . detention" when an individual is properly detained pending trial. *Id.* at 537. In order to determine whether a restriction or practice constitutes punishment,

> [a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of the detention facility officials, that determination generally will turn on whether [it has] an alternative purpose . . . and whether it appears excessive in relation to [that] purpose . . . . Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal–if it is arbitrary or purposeless–a court may permissibly infer that the purpose of the government action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

*Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) (quoting *Bell*, 441 U.S. at 538-39). As the Supreme Court has instructed, we are to afford substantial deference to prison officials' decisions to adopt and execute policies that are necessary to maintain security and internal order within the walls of the institution. *See Bell*, 441 U.S. at 547.

Inmates at the Dauphin County Prison are permitted to engage in recreational

activities either outdoors or in the prison gymnasium at specified times. The location of recreation time is determined by prison personnel, but each inmate decides whether to participate in recreational activities or remain in his cell. Participation in recreation time is entirely voluntary. Once an inmate is outside or in the gym, however, he may leave only if there is a medical reason.

In this case, Dauphin County's provision of recreation time is rationally related to the legitimate, nonpunitive purpose of allowing inmates to exercise, and the accompanying restrictions on the location, time, and inmates' ability to travel between the recreation area and cell block serves the County's legitimate interest in maintaining order and security. The practice of providing a gymnasium for recreational activities–and limiting activities to that location–is not excessive in relation to those purposes, particularly in light of the fact that there is a medical exception, pursuant to which an inmate may leave the recreational area if he notifies prison personnel that he has a health problem. In this case, Thomas Wall was voluntarily participating in physical activities in the gymnasium, and there is no evidence that he asked for and was denied the opportunity to leave. Because Dauphin County's practice of providing recreational facilities to inmates and of restricting inmates' ability to freely travel between those facilities and their cells does not constitute "punishment," we will affirm the District Court's Order

5

granting summary judgment.[3]

## II.

Ms. Wall also claims that prison officials denied Thomas Wall proper medical care. In order to establish a violation of a pre-trial detainee's right to medical care, the plaintiff must produce evidence of "(i) serious medical need, and (ii) acts or omissions of prison officials that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003) (evaluating Fourteenth Amendment claims under same standard as that applied to similar claims under the Eighth Amendment). Evidence that prison officials intentionally refused to provide medical care despite their knowledge that an inmate was in need of such care is sufficient to establish deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted). However, as the District Court properly noted, "[i]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* at 236. Consequently, a non-medical prison official will not be liable for a claim of inadequate medical care in such circumstances absent evidence that the official had "a reason to believe (or actual knowledge)" that the medical experts are mistreating or failing to treat the inmate. *Id.*

The parties agree that when Thomas Wall collapsed in the gymnasium, he had a

---

[3] Because Thomas Wall was a pre-trial detainee, the traditional Eighth Amendment inquiry regarding whether prison officials were "deliberately indifferent" does not apply. *See Hubbard*, 399 F.3d at 163-67.

"serious medical need." Moreover, Ms. Wall concedes that Thomas Toolan, an employee of Prime Care Medical, Inc., the Prison's medical contractor, responded very quickly after Thomas Wall collapsed. Nevertheless, she claims that prison officials acted with deliberate indifference by failing to call 911 immediately. We find this claim to be without merit. Mr. Toolan, a licensed nurse, began treating Mr. Wall as soon as he collapsed. Ms. Wall has presented no evidence that prison officials knew–or should have known–that Toolan's response was inappropriate or inadequate. We therefore cannot conclude that the District Court erred in granting summary judgment in favor of the defendants.

### III.

Finally, Ms. Wall appeals the dismissal of her state law claims. Because the District Court properly dismissed all of Wall's federal claims as a matter of law, the state law claims were also properly dismissed. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

### IV.

For the reasons set forth above, we will affirm the District Court's Order granting summary judgment.